IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JEFFERY LUCIAN PUCHALSKI and CARLA LYNN FURUNO,<br><br>                    Plaintiffs,<br><br>v.<br><br>TCFC HOTELCO, LP; HILTON GRAND VACATIONS MANAGEMENT, LLC; and DAKOTA MOUNTAIN LODGE HOMEOWNERS ASSOCIATION,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [36] MOTION TO COMPEL HILTON GRAND VACATIONS MANAGEMENT, LLC TO ARBITRATION AND TO STAY THE CASE**<br><br>Case No. 2:19-cv-00812-DBB<br><br>District Judge David Barlow |

Plaintiffs Jeffery Lucian Puchalski and Carla Lynn Furno ("Plaintiffs") moved to compel (the "Motion")[1] Defendant Hilton Grand Vacations Management, LLC ("HGV") to participate in arbitration. Specifically, Plaintiffs argue that an arbitrator must decide any issues of arbitrability between Plaintiffs and HGV,[2] and that HGV—who did not sign the Amended and Restated Declaration of Condominium for Dakota Mountain Lodge ( the "Declaration") that contains the operative arbitration provision—should be estopped from avoiding this arbitration.[3] Plaintiffs

---

[1] Motion to Compel Hilton Grand Vacations Management LLC to Arbitration and to Stay the Case, ECF No. 36, filed February 12, 2020.

[2] *Id.*

[3] *Id.* at 2.

also seek a stay of the case as to their cause of action against HGV pending the requested arbitration.[4] HGV opposed the Motion[5] and Plaintiffs replied in support.[6]

Plaintiffs' arguments are unavailing. Whether HGV is bound by the Declaration is not a question of arbitrability delegated to the arbitrator, but rather a question for the court. And binding Utah law forecloses estoppel given the circumstances here. The Motion is therefore DENIED.

## BACKGROUND

In October 2018, Plaintiffs purchased a condominium unit within the Waldorf Astoria condo hotel development at Canyons Village in Park City, Utah.[7] HGV served as the manager for the operations of the Waldorf Astoria, including maintenance, day-to-day restaurant and facilities operations, marketing units and the resort, unit owner interaction and customer service, financial management and budgeting, and financial forecasting.[8]

The development is governed by an agreement known as the Declaration.[9] The Declaration requires arbitration of any claim between a "Consumer Party" and an "Institutional Party."[10] The Declaration defines a "Consumer Party" as owners of condominiums, such as Plaintiffs.[11] "Institutional Party" is defined as any "third party that provides any product or service to a Consumer Party in connection with th[e] Declaration."

---

[4] *Id.*

[5] Defendant Hilton Grand Vacations Management, LLC's Memorandum in Opposition to Plaintiffs' Motion to Compel Arbitration ("Opposition"), ECF No. 38, filed February 20, 2020.

[6] Reply Memorandum Supporting Motion to Compel Hilton Grand Vacations Management, LLC to Arbitration and to Stay the Case ("Reply"), ECF No. 35, filed March 5, 2020.

[7] Amended Complaint at 3-4, ECF No. 13, filed December 6, 2019.

[8] Motion at 3.

[9] *Id.* at 2.

[10] *Id.*

[11] *Id.* at 3.

It is undisputed that HGV did not sign the Declaration.[12] And Plaintiffs' signatures do not appear on the Declaration or its amendments either.[13] [14] However, the Declaration contains an "opt-out" clause, specifying that condominium owners may opt out of the Declaration's arbitration provisions only if they so indicate in a letter within 30 days after purchasing a condominium.[15] In another filing with this court, Plaintiffs have conceded that they did not exercise this opt-out right and are bound by the Declaration's arbitration provision.[16] As a result, Plaintiffs have agreed to proceed to arbitration with those defendants.[17]

## DISCUSSION

The Tenth Circuit recognizes that "[t]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute."[18] "To assess whether a claim must be arbitrated, [courts] follow a two-step analysis. At step one, the court must determine whether the parties entered into any arbitration agreement at all. . . . [I]f [the court] answer[s] "yes" . . . [the court] engage[s] in a 'limited' inquiry: Whether the parties' agreement contains a valid delegation clause."[19]

---

[12] Motion at 7; Opposition at 2.

[13] The Motion incorporates by reference the Declaration attached as Exhibit 1 to Defendant TCFC HotelCo, LP's Motion Dismiss and Compel. *See* Motion at 2.

[14] *See* Motion to Dismiss and Compel Arbitration, Exhibit 1, Amended and Restated Declaration of Condominium for Dakota Mountain Lodge ("Declaration") at 100, 102, 132-133, 174-176, ECF No. 23-1, filed January 10, 2020.

[15] Declaration at 92.

[16] Plaintiffs' Memorandum Responding to Motions to Dismiss by TCFC HotelCo, LP [ECF No. 21] and Dakota Mountain Lodge Homeowners Association [ECF No. 23, 31, 32] ("Response to Other Defendants") at 2, ECF No. 34, filed February 7, 2020.

[17] *Id.*

[18] *In re Cox Enterprises, Inc. Set-top Cable Television Box Antitrust Litig.*, 835 F.3d 1195, 1201 (10th Cir. 2016) (*quoting Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985)).

[19] *Lloyd's Syndicate 457 v. FloaTEC, L.L.C.*, 921 F.3d 508, 514 (5th Cir. 2019) (internal quotations and citations omitted).

Relying on the recent United States Supreme Court decision in *Henry Schein, Inc. v. Archer & White Sales, Inc.*,[20] Plaintiffs argue that "so long as the parties' agreement does so by clear and unmistakable evidence[,]" threshold arbitrability questions may be delegated to the arbitrator.[21] And "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract."[22] Plaintiffs contend that the Declaration here contains an express delegation of arbitrability to the arbitrator and so "at minimum, the issue of arbitrability should be referred to arbitration."[23]

But as the Fifth Circuit has noted, *Henry Schein* did not substantially alter the applicable two-step analytical framework.[24] In *Henry Schein*, the Supreme Court concluded that federal courts may not determine questions of arbitrability if courts consider that the argument that the arbitration agreement applies to a particular dispute is "wholly groundless."[25] This clarified what actions courts may take as part of the *second* step of an arbitration compulsion analysis. *Henry Schein* did not determine that just because an agreement contains an express delegation of arbitrability to the arbitrator, nonsignatories to an agreement must be compulsorily referred to arbitration. Courts must still consider the first step: "To be sure, before referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists. . . . [I]f a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue."[26]

---

[20] 139 S. Ct. 524 (2019).

[21] Motion at 4.

[22] *Id.*

[23] *Id.* at 5.

[24] *See Lloyd's Syndicate 457*, 921 F.3d at 514 n.3.

[25] *Henry Schein,* 139 S. Ct. at 539.

[26] *Id.* at 530.

Therefore, only if the court concludes at the first step that the parties are bound to the Declaration's arbitration provision will it proceed to the second step and consider any delegation language in the Declaration under *Henry Schein*. As the following demonstrates, Plaintiffs' argument that HGV is bound to the Declaration's arbitration provision fails, making the second step unnecessary.

### Under Utah Law, HGV Cannot Be Subjected to the Declaration's Arbitration Provision through Estoppel.

It is undisputed that HGV did not sign the Declaration.[27] In the Tenth Circuit, state law governs if nonsignatories to an arbitration contract are bound to arbitrate.[28] Under Utah law, "[t]he general rule of arbitration agreements is that one who has not manifested assent to an agreement to arbitrate cannot be required to submit to arbitration."[29] However, "under certain circumstances" a nonsignatory to an arbitration agreement between other parties can either seek enforcement of that agreement or be subjected to it.[30] "Traditionally, five theories for binding [or allowing enforcement by] a nonsignatory to an arbitration agreement have been recognized: (1) incorporation by references; (2) assumption; (3) agency; (4) veil-piercing/alter ego; and (5) estoppel."[31] "Sometimes a sixth theory, third-party beneficiary, is added, but it is closely analogous to the estoppel theory."[32]

---

[27] *See Supra* note 12.

[28] *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 449 F. App'x 704, 708 (10th Cir. 2011) (internal citation omitted).

[29] *Ellsworth v. Am. Arbitration Ass'n*, 148 P.3d 983, 989 (Utah 2006).

[30] *Id.*

[31] *Id.*

[32] *Id.*

Plaintiffs here have assumed the obligation under the Declaration to arbitrate with other parties.[33] The only argument Plaintiffs invoke against HGV is estoppel.[34] Utah law does not support this argument. The Utah Supreme Court has found nonsignatory estoppel applies only when "the nonsignatory has sued a signatory on the contract."[35] Estoppel is not to be applied to "a *nonsignatory who is not suing on the contract*[.]"[36] Even if the nonsignatory has received a "direct benefit" from a contract—as Plaintiffs argue HGV has here—the rationale is the same: estoppel is *only* potentially applicable if the nonsignatory has brought the suit.[37] Plaintiffs' estoppel argument fails in its entirety.

The Motion is therefore denied, albeit without prejudice. At this early stage of litigation, Plaintiffs acknowledge that they are unable to argue any other theory regarding binding nonsignatories to an arbitration agreement without discovery.[38] Should discovery produce information that supports one of these remaining theories, Plaintiffs have leave to refile a motion to compel arbitration.

---

[33] *See Supra* note 16.

[34] Motion at 7.

[35] *Ellsworth*, 148 P.3d at 989; *see Inception Mining, Inc. v. Danzig, Ltd.*, 311 F. Supp. 3d 1271, 1277 (D. Utah 2018) (quoting *Ellsworth*, 148 P.3d at 989).

[36] *Ellsworth*, 148 P.3d at 989 (emphasis added); *accord Solid Q Holdings, LLC v. Arenal Energy Corp.*, 362 P.3d 295, 298 (Utah Ct. App. 2015).

[37] *Id.*

[38] Motion at 7 n.3.

## ORDER

IT IS HEREBY ORDERED that the Motion[39] is DENIED WITHOUT PREJUDICE.

Plaintiffs' single cause of action against HGV in Plaintiffs' Amended Complaint[40] will not be stayed and will instead proceed before this court.

Signed April 16, 2020.

BY THE COURT

David Barlow
United States District Judge

---

[39] Motion to Compel Hilton Grand Vacations Management LLC to Arbitration and to Stay the Case, ECF No. 36, filed February 12, 2020.

[40] Amended Complaint at 9-10, ECF No. 13, filed December 6, 2019.